In re Kathleen Mary CELANI, Debtor.

William F. CELANI, Plaintiff,

v.

Kathleen Mary CELANI, Defendant.

Bankruptcy No. 95–20424.
Adv. No. 95–2117.

United States Bankruptcy Court,
D. Connecticut.

April 17, 1996.

Steven W. Varney, Brown, Paindiris & Zarella, LLP, Hartford, CT, for Plaintiff.

Jeffrey A. McChristian, Gussak Silver Sklar Jacobson & Kirsch, P.C., Hartford, CT, for Debtor–Defendant.

## RULING ON MOTION TO MODIFY SCHEDULING ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

## I.

### ISSUE

William F. Celani, the plaintiff and former husband of the Chapter 7 debtor, Kathleen Mary Celani (the "Debtor"), on May 4, 1995, filed a complaint requesting that the court declare certain debts owed him by the Debtor nondischargeable pursuant to 11 U.S.C. § 523(a)(15).[1] The court, on September 11, 1995, issued a scheduling order pursuant to Fed.R.Civ.P. 16 (made applicable by Fed. R.Bankr.P. 7016) establishing, *inter alia*, discovery deadlines. On March 18, 1996, the plaintiff, asserting that the Debtor had remarried since depositions were completed, moved to modify the scheduling order to extend the discovery deadline in order to take the deposition of the Debtor's new spouse on the subject of the spouse's finan-

---

1. Section 523(a)(15) provides:
    (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
      (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—
    (A) the debtor does not have the ability to pay such debt from income or property of

the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
    (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;
11 U.S.C. § 523(a)(15).

cial situation. The Debtor objected to the motion contending the taking of such deposition will not result in the plaintiff obtaining any evidence that would be relevant, material or admissible to a determination of dischargeability under § 523(a)(15). The parties submitted the issue to the court upon a stipulation of facts, the pleadings and their memoranda of law.

## II.

### BACKGROUND

The Connecticut Superior Court dissolved the marriage of the plaintiff and the Debtor by judgment dated November 18, 1988. Pursuant to the marriage-dissolution judgment (the "Judgment"), the plaintiff executed a quit-claim deed conveying to the Debtor his undivided interest in the parties' former marital residence located on Garfield Road, West Hartford, Connecticut (the "Property") where the Debtor was to continue to reside with the parties' children during the children's minority. The Judgment, which provided for no alimony to either party, required that, as consideration for the deed, the Debtor execute a $65,000.00 promissory note, secured by a third mortgage on the Property, in favor of the plaintiff, with the date of payment dependent upon certain stated circumstances. The Judgment may further obligate the Debtor to indemnify the plaintiff with respect to the indebtedness represented by the two prior mortgages on the Property.

During 1994, the Debtor defaulted in payments on the first and second mortgages covering the Property. On February 6, 1995, the Debtor filed a Chapter 7 bankruptcy petition. Thereafter, the second mortgagee obtained, in August 1995, a state-court judgment of foreclosure on the Property.

The plaintiff's complaint, as amended, asserts that the obligation originally in the amount of $65,000.00 and the obligation to indemnify were incurred by the Debtor in connection with a divorce decree, and that the Debtor has the ability to pay such obligations from her income or property or, in the alternative, discharging such obligations would not result in a benefit to the Debtor that outweighs the detrimental consequences to the plaintiff.

## III.

### DISCUSSION

#### A.

Congress added § 523(a)(15) to the Bankruptcy Code in the Bankruptcy Reform Act of 1994 to cover cases filed in the bankruptcy court on or after October 22, 1994. Section 523(a)(5) makes alimony, maintenance and support obligations arising out of divorce decrees or separation agreements nondischargeable. Section 523(a)(15) now also excepts from discharge debts arising out of a divorce decree or separation agreement that are *not* in the nature of alimony, maintenance or support, i.e., property settlement obligations, unless the debtor has no ability to pay the debt, or alternatively, the discharge would result in a benefit to the debtor that outweighs the detriment to the nondebtor or former spouse. *See Collins v. Hesson (In re Hesson),* 190 B.R. 229, 236 (Bankr.D.Md. 1996) ("Section 523(a)(15) was the solution to the alimony/property settlement dichotomy and the inequities caused by such cases as the Chapter 7 filing by a high-income spouse dissatisfied with the prospect of paying a substantial property settlement to a spouse of·many years."); *Hill v. Hill (In re Hill),* 184 B.R. 750, 753 (Bankr.N.D.Ill.1995) ("The legislative history indicates that the new subsection addresses the treatment of hold harmless agreements and property settlements that were often used in exchange for lower alimony payments.").

The plaintiff argues that § 523(a)(15)(B) "requires the court to determine the impact of spousal contributions and expenses on the benefit and detriment to the debtor and creditor, respectively." *Plaintiff's Memorandum of Law* at 10. He contends that § 523(a)(15)(B) requires a balancing test, that the totality of circumstances has to be considered, and that nothing in the language of this subsection, unlike the language in § 523(a)(15)(A), limits the review to the debtor's income and property alone. *Id.* at 10–11.

The Debtor argues that since the language of § 523(a)(15)(A) restricts the determination of the debtor's ability to pay to the income and property of the debtor, the courts, in engaging in the balancing of the equities under § 523(a)(15)(B), should also limit their inquiries to the financial circumstances of the parties only. *Debtor's Memorandum of Law* at 5. She also argues testimony from a non-debtor spouse concerning the non-debtor spouse's financial circumstances would have such little probative value, it should be excluded. *Id.* at 6–7. *Cf. Carter v. Carter (In re Carter)*, 189 B.R. 521 (Bankr.M.D.Fla. 1995) ("The language of 523(a)(15)(A) restricts the determination of the ability to pay solely to the income of the debtor. It is not enhanced by inquiring into the financial circumstances of the [debtor's] current spouse.").

### B.

Subsection (B) of § 523(a)(15) contains no language limiting the inquiry in that subsection only to the Debtor's income and property. The rulings to date have emphasized that when the court balances the benefit to one party, as opposed to the detrimental consequences to the other party, such a balancing test invites an expansive review and an analysis of the totality of circumstances in which the parties find themselves. *See, e.g., Humiston v. Huddelston (In re Huddelston,* 194 B.R. 681, 689 (Bankr.N.D.Ga.1996)) ("Given the nature of its inquiry, courts hinge the applicability of section 523(a)(15)(B) upon a variety of factors. Specifically, the income and expenses of each party, the nature of the debt in question, and the former spouse's ability to pay all are said to influence the dischargeability of a divorce-related debt under section 523(a)(15)(B). Such considerations merely present a starting point of inquiry, however, and courts also must give weight to the intangible effect that its finding will have upon each party involved.") (citations omitted).

■ Where the debtor and/or the debtor's former spouse have remarried, the financial circumstances of the new spouses logically and sensibly should be included in the balancing test set forth in § 523(a)(15)(B). I conclude that in this proceeding, based upon the record submitted, the financial circumstances of the spouses of the Debtor and of the plaintiff, are relevant, material and admissible. *See In re Smither,* 194 B.R. 102, 110–11 (Bankr.W.D.Ky.1996) (in order to make a determination under § 523(a)(15)(B), a Court should consider current income, current expenses, current assets, current liabilities, health, job skills, training, age and education "of the debtor, objecting creditor and their respective spouses."); *Gantz v. Gantz (In re Gantz),* 192 B.R. 932, 936–37 (Bankr. N.D.Ill.1996) (income of debtor's new spouse may not be considered in determining under § 523(a)(15)(A) whether debtor had ability to pay debt, but under § 523(a)(15)(B) "extent to which a [new] spouse's contributions or expenses impact on the debtor should be relevant in balancing the equities.").

### IV.

### CONCLUSION

The plaintiff's motion to modify the scheduling order is granted, the Debtor's objection overruled and the scheduling order is modified to extend the discovery deadline up to and including 30 days from the date of this ruling. It is

SO ORDERED.