**In re Joseph J. WOSZCZYNA, Debtor.**

**Miroslawa Woszczyna, Plaintiff,**

**v.**

**Joseph J. Woszczyna, Defendant.**

**Bankruptcy No. 02–20809.**
**Adversary No. 02–2201.**

United States Bankruptcy Court, D. Connecticut.

June 17, 2003.

cial reconciliation of the conflict between sec-    tion 502(b)(2) and section 510(a).

Jacek I. Smigelski, Esq., New Britain, CT, for Plaintiff.

John J. O'Neil, Jr., Esq., Francis, O'Neil & Del Piano, LLC, Hartford, CT, for Defendant.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

### I.

### ISSUE

At issue in this adversary proceeding is the complaint of Miroslawa Woszczyna ("the plaintiff") asserting that certain obligations owed to her by her former husband, Joseph J. Woszczyna ("the debtor") are nondischargeable debts under Bankruptcy Code § 523(a)(15) ("debt ... incurred by the debtor in the course of a divorce ..., divorce decree or other order of a court of record ....").  The debtor denies that the obligations at issue come within the parameters of § 523(a)(15), but that even if they do, they are discharged under one or both of the balancing tests of said section.

### II.

### BACKGROUND

#### A.

At the hearing on the complaint, held on May 7, 2003, the plaintiff introduced into

evidence a copy of the Memorandum of Decision, dated February 28, 2002, by the Honorable Robert I. Berdon of the Connecticut Superior Court ("the judgment"). The judgment includes the following findings of fact and orders. The debtor and the plaintiff (a native of Poland) were married in Poland on November 18, 1989. Victoria, the only child of the marriage, was born in 1993. The marriage thereafter deteriorated to the point of irretrievable breakdown. The Superior Court dissolved the marriage and awarded custody of Victoria to the plaintiff. The Superior Court had ordered that neither party make withdrawals from a savings account containing $87,411.22. The debtor, in violation of this order, subsequently withdrew $59,000. The debtor also failed to include in his financial affidavit an asset he possessed. The Superior Court determined the debtor to be in willful contempt of court orders and stated that the "court will take this contempt into consideration when fashioning its *financial* orders with respect to the division of property." (Pl.'s Ex. 1 at 23.) The judgment ordered the debtor to:

> [Q]uitclaim to the [plaintiff] all his right, title and interest in the marital residence within two weeks of the date of this judgment, and the [plaintiff] shall assume the first mortgage and the equity line of credit subject to the following: *all the accrued interest that is due as of the date of this judgment and all monthly mortgage payments (including real estate taxes) in arrears shall be paid by the [debtor] within two weeks of the date of this judgment.* (Pl.'s Ex. 1 at 23.) (Emphasis added.) [1]

---

1. The emphasized portion remains unpaid, presently totaling about $7,661.42, and representing the debt at issue in this proceeding.

2. The judgment noted that despite the modesty of the parties' estates, they had incurred legal and expert fees "which will surely total

The debtor was ordered to pay to the plaintiff child support and periodic alimony totaling $1,235 a month.[2]

## B.

The plaintiff, age 45, currently has title to the parties' former marital property, located at 20 Windward Place, Southington, Connecticut ("the property") with a market value of approximately $435,000. The property is encumbered by a first mortgage in the amount of $174,607.08 with monthly mortgage payments of $1,918.42; a home equity loan in the amount of $97,040.97 with monthly payments of $350.00; a $50,000 mortgage for unpaid attorney's fees; and unpaid property taxes of $8,016.91.

The plaintiff is employed at a hospital in Southington, as a nurses' assistant, and earns approximately $548.00 a week, after tax and other deductions, depending on how much over time the plaintiff can work. In 2002, the plaintiff earned $50,007.21 in hourly wages.

The debtor, age 47, is employed as an engineer at a hospital in Hartford, where he nets approximately $4,779.34 a month after taxes and other deductions. He listed his average monthly expenses as $5,738.74, including, *inter alia,* monthly alimony and child support payments of $1,235, $1,050 a month for rent, $467.01 for a car lease payment and $334.86 in monthly gasoline expenses. The debtor's postpetition liabilities include $24,700 for his lease of a 2002 Mitsubishi Montero Sport, $3,000 in legal fees, and $6,750 in credit card debt. His post-petition assets total

---

in excess of $200,000," and that "[m]uch of these costs are attributable to the [debtor's] need to dominate, his failure to obey court orders and the succession of attorneys he retained." (Pl.'s Ex.1 at 2.)

approximately $15,700, including an automobile, furniture, a retirement plan, a computer and a checking account. The debtor has remarried and professes complete ignorance of his new wife's finances. He testified that he filed his Chapter 7 petition on March 20, 2002, less than a month after the entry of the judgment, based largely upon unpaid legal fee obligations.

## III.

### PARTIES' CONTENTIONS

The plaintiff argues that pursuant to the judgment's financial orders, as of February 28, 2002, the debtor owes her $101.02 for past due interest on the home equity loan, $930.16 for past due interest on the first mortgage and $6,497.05 for accrued property taxes, plus accrued interest thereon.[3] The plaintiff contends that these debts are nondischargeable because they represent part of a property settlement incurred by the debtor in their marriage dissolution proceeding.

The debtor asserts that the debts at issue are dischargeable because they are owed to third parties, such as certain mortgagees and the Town of Southington, not to the plaintiff, and therefore, § 523(a)(15) should not apply in this proceeding. The debtor argues, in the alternative, that even if the court were to conclude that the debts at issue fall within § 523(a)(15), the debts to the plaintiff should be discharged pursuant to § 523(a)(15)(A) or (B) which allows debt to be discharged when the debtor cannot afford to pay or when the benefit of a discharge outweighs the detriment to the plaintiff in not receiving the debt owed.

**3.** The plaintiff claims in her brief that after accounting for interest that has since accrued

## IV.

### DISCUSSION

#### A.

Section 523(a)(15) was added to the Bankruptcy Code by Congress in 1994 ... [and] was the solution to the alimony/property settlement dichotomy and the inequities caused by such cases as the Chapter 7 filing by a high-income spouse dissatisfied with the prospect of paying a substantial property settlement to a spouse of many years. The legislative history indicates that the new subsection addresses the treatment of hold harmless agreements and property settlements that were often used in exchange for lower alimony payments.

*Lesniewski v. Walsh (In re Walsh)*, 247 B.R. 30, 33 (Bankr.D.Conn.2000) (quoting *Celani v. Celani (In re Celani)*, 194 B.R. 719, 720 (Bankr.D.Conn.1996)).

Section 523(a) provides:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(15) not [in the nature of alimony or support] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree ... a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor ...; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a ... former spouse, or child of the debtor.

to the present, the total nondischargeable debt is $7,661.42.

██ "The standard of proof under Section 523(a)(15), as with other Section 523(a) dischargeability exceptions, is a preponderance of the evidence." *Gemza v. Rogan (In re Rogan)*, 283 B.R. 643, 647 (Bankr.D.Conn.2002) (citing *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

> However, the allocation of the burden of proof under Section 523(a)(15) is somewhat unique. A plaintiff/former spouse bears the initial burden of demonstrating (i) that there is a "debt" owed to her; (ii) that such debt was "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement [or] divorce decree"; and (iii) that such obligation is "not of the kind described in ... [Code Section 523(a) ](5)." Upon a successful initial showing by the plaintiff, the burden then shifts to the debtor-defendant to prove either one of the dischargeability "safe harbors" provided by subparagraph (A) and (B) of Section 523(a)(15).

*Id.*

### B.

██ The judgment includes an equitable distribution of assets to the plaintiff due, in part, to the court's conclusion that the debtor, in contempt of court, withdrew approximately $59,000 from their joint marital assets and that the debtor willfully failed to disclose an asset in his financial affidavits. The debtor, citing *Rogan*, argues that since the judgment does not contain a "hold harmless" clause wherein the debtor explicitly indemnifies the plaintiff with respect to the parties' joint debts, it does not qualify as a § 523(a)(15) debt. The facts of *Rogan* are, however, inapposite.

The court concludes that the judgment's financial orders clearly provides for a property distribution to the plaintiff in a marriage dissolution action. The court concludes that notwithstanding the lack of a "hold harmless" clause, the debtor's obligation to pay past due real estate taxes and mortgage payments on the property is a debt covered by § 523(a)(15).

### C.

██ The court further concludes that the debtor has not satisfied his burden of proving that he is unable to pay his debt to the plaintiff, pursuant to the "ability to pay" test in § 523(a)(15)(A).

> [A]bility to pay ... is not a static concept, compelling its assessment at a fixed point in time such as the bankruptcy petition date, the time of trial, etc. Rather, it is a fluid concept which permits the Court to consider a debtor's prior employment, future employment, health status, etc. to determine whether the future wealth and earning capacity of that debtor will be sufficient to allow for payment of the subject debt.

*Rogan*, 283 B.R. at 648. The debts at issue presently total $7,661.42, not a large amount in light of the debtor's income and present assets.[4] The debtor claims no health problems, and certain items on his list of monthly expenses, such as furniture and gas, may be excessive. The court concludes that the debtor has the ability to pay these debts from income "not reasonably necessary to be expended for the maintenance or support of the debtor." 11 U.S.C. § 523(a)(15)(A).

### D.

██ Finally, the court concludes that the debtor has also not satisfied his burden

---

4. The debtor testified that he has been able to pay $6,525 in legal fees to date to his present bankruptcy counsel.

of proving pursuant to § 523(a)(15)(B), that "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a ... former spouse, or child of the debtor." Here, the debt at issue involves the plaintiff's home where the daughter also lives. The plaintiff has large monthly mortgage payments of well over $2,000 a month, from a monthly salary that is less than the debtor's. At heart, the ultimate test under § 523(a)(15)(B) is one of the totality of the circumstances. *Cf. Rogan,* 283 B.R. at 648, *Bullinger v. Wehr (In re Wehr),* 292 B.R. 390, 402 (Bankr.D.N.D.2003). The court concludes that a discharge of the debt would be more detrimental to the plaintiff than would benefit the debtor.

## V.

### *CONCLUSION*

For the aforementioned reasons, the court concludes that the debt established in the judgment's financial orders and owed to the plaintiff is nondischargeable.

### *JUDGMENT*

The complaint of Miroslawa Woszczyna against Joseph J. Woszczyna, the debtor, having been heard, and a Memorandum of Decision of even date having been filed, in accordance with which, it is hereby

ORDERED, ADJUDGED AND DECREED that the order of the Superior Court contained in its judgment of February 28, 2002, providing that the debtor is responsible to pay monthly mortgage arrearages and real estate taxes, represents a nondischargeable debt pursuant to Bankruptcy Code § 523(a)(15).